By the Court.—Sedgwick, J.
—The only fact on which a new trial could be ordered is the face of the gaugers’ book. The affidavit of the detective, opposed, as it is, by answering affidavits, is not ground enough. The manner in which the gaugers avoid testifying with candor, is, of course, discreditable to them, but on such a motion that does not avail defendant. He must show the new facts by the witnesses themselves, and here the gaugers are his witnesses.
The gaugers’ book contains the gauge of forty hogsheads of molasses for the plaintiff, on June 7, 1867, ex Key West, marked ,F. & Co., made at pier No. 4, on the North River. The defendant shows that by the practice of the trade, having rare exceptions, a gauging was not directed, unless it was needed to consummate a sale which had been made, so far as the bargain wént. If this be so—if this case did not present an exception, if even the memorandum proves that a sale had been made to G-ordon, the evidence on the trial shows the recovery was had upon a lot which had bean removed from pier 4, had been placed in the warehouse, and had been seized by the sheriff (that seizure being the ground of the action) on June 6.
If one of the plaintiffs did not swear on the motion that'the lot gauged on June 7, was sold to Dougherty, one could easily entertain the idea that the gauging *385 disclosed in the book did comprise the twenty-two hogsheads in question, in spite of the date and the mark. Even then, if it was possible that it should have been ordered to accompany the very peculiar arrangement that the plaintiff’s case on the trial showed existed between them and Gordon, a new trial could not be granted. The affidavit, having nothing to oppose it, must be taken to show that the lot referred lo in the book went to Dougherty.
The order appealed from is affirmed, with costs.
Curtis, Ch. J., concurred.